# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| | |
|---|---|
| MICHAEL J. DEE, )<br>                PETITIONER )<br>v. )<br>STATE OF MAINE, )<br>                RESPONDENT ) | MISC. NO. 2:15-MC-326-DBH |

## ORDER ON PETITION FOR PERMISSION TO FILE A DECLARATORY JUDGMENT LAWSUIT AGAINST THE STATE OF MAINE

Michael J. Dee has filed a petition for permission to file a declaratory judgment lawsuit against the State of Maine in this federal court.  He has filed the petition for permission because on May 26, 1998, I found him to be "a vexatious litigant who has abused his right to access to this Court by continuing to pursue groundless litigation," and enjoined him from starting any further lawsuit in this court without prior leave of Court.  See Order Enjoining Michael Dee from Commencing Any Action in the United States District Court, District of Maine, May 26, 1998 (D. Me. Civ. No. 2:98-cv-37-DBH).  Dee has also been enjoined in Maine state court from filing lawsuits there.  See Dee v. State, 2007 No. CV06-707 WL 4698274 (Me. Super. June 25, 2007).  Dee is a marijuana possession advocate and, over the years, has mounted a number of efforts to challenge the constitutionality of the marijuana laws. Many of them are listed in State v. Dee, 2012 ME 26, 39 A.3d 42, 44 n.1.  This is his latest effort.  Dee

wants to sue the State of Maine for a declaration that its marijuana laws violate the Fourth and Fourteenth Amendments, and he also wants a declaration that his two previous Maine state convictions for marijuana possession are overturned and an order to the State of Maine to return all fines and court costs that Dee has paid.

I **DENY** the petition because the lawsuit Dee proposes is frivolous on three grounds.  First, the Eleventh Amendment prevents Dee from suing the State of Maine in this federal court.  "The Eleventh Amendment, as construed by the Supreme Court, bars a citizen from bringing an action in federal court against his or her own state."  Ramos-Pinero v. Puerto Rico, 453 F.3d 48, 51 (1st Cir. 2006); see also Hans v. Louisiana, 134 U.S. 1, 10-11 (1890) (holding that the Eleventh Amendment's sovereign immunity principles apply to citizens seeking to file suit against their own state in federal court); Federal Maritime Comm'n v. South Carolina, 535 U.S. 743, 766 (2002) ("Sovereign immunity does not merely constitute a defense to monetary liability or even to all types of liability.  Rather, it provides an immunity from suit.").  Second, this federal court cannot overturn Dee's previous convictions and order the State of Maine to return fines and court costs.  Dee had the right to appeal his Maine convictions and assert all his arguments in such appeals.  He did appeal his most recent conviction to the Maine Supreme Judicial Court sitting as the Law Court, see State v. Dee, 2012 ME 26, 39 A.3d 42, and he argued to that Court that Maine's laws were unconstitutional, and he lost.  His recourse to that decision was to seek review in the United States Supreme Court, not to come to this United States District Court.  See Evans v. Thompson, 518 F.3d 1, 8 n.3 (1st Cir. 2008) ("It is the

Supreme Court, and the Supreme Court alone, that has the 'revising authority' to 'control [the state courts'] jarring and discordant judgments, and harmonize them into uniformity,") (citing <u>Martin v. Hunter's Lessee</u>, 14 U.S. (1 Wheat.) 304, 348, (1816)).  Third, nothing has changed in constitutional law concerning the ability of states to prohibit the growing, possessing and using of marijuana since Judge Singal denied Dee's request to file a lawsuit challenging Maine's marijuana laws in 2004, <u>see</u> Order Denying Motion for Leave to File Petition for Declaratory Judgment and Declaratory Relief, April 26, 2004 (D. Me. Civil No. 2:04-mc-33-GZS).[1]

Accordingly, the petition for permission to file is **DENIED.**

**SO ORDERED.**

**DATED THIS 14TH DAY OF OCTOBER, 2015**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

[1] See also my May 28, 2009, affirmance of Magistrate Judge Kravchuk's Recommended Decision that Dee's attempt to challenge *federal* marijuana laws as unconstitutional was frivolous, Civil No. 2:09-cv-163-DBH, Judgment (ECF No. 8).